JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

BRIAN C. LEWIS (DCBAR 476851)
Assistant United States Attorney

    450 Golden Gate Avenue, 11th Floor
    San Francisco, California 94102
    Telephone: (415) 436-7200
    Facsimile:  (415) 436-7234
    E-Mail: brian.lewis@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR 10-0408 CRB |
|     Plaintiff, ) | |
|     v. ) | [PROPOSED] ORDER OF DETENTION |
| MAURICE WOODS, ) | |
|     Defendant. ) | |

    The parties appeared before the Honorable Joseph C. Spero on May 27, 2010 for a continued detention hearing. The defendant was present and represented by Assistant Federal Public Defender Steven Kalar. The government was represented by Assistant United States Attorney Brian Lewis.

    The government requested detention, submitting that no condition or combination of conditions of release would reasonably assure the safety of the community or the appearance of the defendant as required.

    Pretrial Services submitted a report recommending detention, concluding that if released

[PROPOSED] ORDER OF DETENTION
CR 10-0408 CRB

the defendant would pose a danger to the community.

Upon consideration of the Pretrial Services report, the court file, and the party proffers as discussed below, the Court finds (i) by clear and convincing evidence that no condition or combination of conditions of release would reasonably assure the safety of the community and (ii) by a preponderance of the evidence that no condition or combination of conditions of release would reasonably assure the appearance of the defendant as required.  The Court, therefore, orders the defendant detained.

The present order supplements the Court's findings on the record at the detention hearing and serves as the written findings of fact and statement of reasons required by 18 U.S.C. § 3142(i).

The Bail Reform Act of 1984, 18 U.S.C. §§ 3141-50, sets forth the factors which the Court must consider in determining whether pretrial detention is warranted.  In coming to its decision, the Court has considered those factors, paraphrased below:

> (1)  the nature and seriousness of the offense charged;
>
> (2)  the weight of the evidence against the person;
>
> (3)  the history and characteristics of the person including, among other considerations, employment, past conduct and criminal history, and records of court appearances; and
>
> (4)   the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

Defendant Maurice Woods is charged in a three-count indictment with violating 21 U.S.C. § 841(a)(1),(b)(1)(B)(iii) (possession with intent to distribute 5 grams or more of cocaine base), 21 U.S.C. § 841(a)(1),(D) (possession with intent to distribute marijuana), and 18 U.S.C. § 922(g)(1) (felon in possession of a firearm and ammunition).  The instant charges stem from the defendant's arrest on or about April 24, 2010, in which he is alleged to have possessed a loaded 9mm Beretta pistol, cocaine base in the form of crack cocaine, and marijuana.

In considering all of the facts and proffers presented at the hearing, the Court finds the

1  following factors among the most compelling in reaching its conclusion that no combination of
2  conditions could reasonably assure the defendant's appearance as required:
3      First, the defendant has four previous felony convictions.
4      Second, the defendant has violated his conditions of parole or probation on at least three
5  occasions.
6      Third, the alleged conduct of the defendant contained in the charged offenses occurred
7  while the defendant was on released pending trial in San Francisco County for the illegal
8  possession of drugs and a gun.
9      These factors, among others adduced at the hearing, demonstrate (i) by clear and
10 convincing evidence that if release the defendant would be a danger to the community and (ii) by
11 a preponderance of the evidence that if released the defendant would not appear as required.
12     Accordingly, pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:
13     (1)   the defendant is committed to the custody of the Attorney General for confinement
14          in a corrections facility;
15     (2)   the defendant be afforded reasonable opportunity for private consultation with his
16          counsel; and,
17     (3)   on order of a court of the United States or on request of an attorney for the
18          government, the person in charge of the corrections facility in which the defendant
19          is confined shall deliver the defendant to an authorized Deputy United States
20          Marshal for the purpose of any appearance in connection with a court proceeding.

22 IT IS SO ORDERED.

24 Dated: 06/03/10

*Judge Joseph C. Spero*

[~~PROPOSED~~] ORDER OF DETENTION
CR 10-0408 CRB          -3-